IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| L. D. ELLIS, Individually and as Surviving Spouse of MINNIE ELLIS, Deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| VS. | ) ) | No. 06-1005-T/An |
| MERCK & CO., INC., ET AL., | ) ) | |
| Defendants. | ) | |

ORDER GRANTING MOTION TO STAY

Plaintiff L. D. Ellis, individually and as the surviving spouse of the decedent, Minnie Ellis, filed this action in the Circuit Court of Carroll County, Tennessee, on September 29, 2005, against Merck and Company, Inc., maker of the prescription drug known as Vioxx. Plaintiff also named as defendants certain local Merck sales representatives and pharmacists. Merck removed the action to this Court on January 4, 2006, on the basis of diversity of citizenship, contending that the non-diverse defendants were fraudulently joined in an attempt to defeat diversity jurisdiction.

On January 5, 2006, Merck filed a motion to stay all further proceedings pending a decision by the Judicial Panel on Multidistrict Litigation ("MDL Panel") on whether this case should be transferred to the United States District Court for the Eastern District of Louisiana as a "tag-along" action in MDL Proceeding No. 1657, <u>In re Vioxx Product Liability</u>

Litigation. Plaintiff has not responded to the motion to stay.

Pursuant to 28 U.S.C. § 1407, the MDL Panel issued the first Transfer Order establishing MDL-1657 on February 16, 2005. In that order, the Panel stated:

> On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions focus on alleged increased health risks (including heart attach and/or stroke) when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Transfer Order, at 2 (J.P.M.L. Feb. 16, 2005).

The decision whether to grant a stay of a particular action is within the inherent power of the Court and is discretionary. See Landis v. North Am. Co., 299 U.S. 248, 254-55 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). A stay is particularly appropriate in these Vioxx cases, as the MDL Panel has already determined that the claims involve common questions of fact and that coordination under § 1407 is appropriate. A number of Vioxx cases from this district have already been transferred to MDL-1657, and there are hundreds, perhaps thousands, of others that have been transferred or are awaiting transfer in other districts.

The Court finds that having the pretrial issues decided in the MDL proceeding will best promote judicial economy and conserve judicial resources. In addition, the Court finds

that any prejudice to the plaintiff resulting from a stay would be minimal.  However, in the absence of a stay, the risk to Merck of duplicative motions and discovery is significant.

For the foregoing reasons, Merck's motion to stay pending the MDL Panel's transfer decision is GRANTED.

IT IS SO ORDERED.

      s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE